IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CIVIL ACTION NO.: __4:25cv1971__ - JD

| | | |
|---|---|---|
| JOHN H. MURRAY, individually and as Personal Representative of the ESTATE OF PEARL F. MURRAY, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **COMPLAINT** (Federal Tort Claims Act) |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, HOPE HEALTH - GREELEYVILLE, JESSICA D. TOWNSEND, MD, SAMUEL J. TOLLINSON, III, MD and MESHELLIA HAYWARD, FNP, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The Plaintiff, complaining of the Defendants, alleges and states as follows:

**Parties**

1. The Plaintiff John H. Murray is a citizen and resident of Williamsburg County, South Carolina. He is the Personal Representative of the Estate of Pearl F. Murray ("Mrs. Murray") having been appointed to that position by the Probate Court for Williamsburg County, South Carolina.

2. John H. Murray, John U. Murray, Joseph Murray, Thomas Murray, and Nancy Robinson are each surviving children of Pearl F. Murray. Pursuant to S.C. CODE ANN. §15-32-210, each of

them has a claim for non-economic damages arising out of the events underlying this action. One purpose of this action is to prosecute these claims.

3. Upon information and belief, the Defendant United States Department of Health and Human Services is an agency of the Defendant United States of America (collectively "the Government") which, pursuant to 42 U.S.C. §§201 *et seq*., provides community healthcare services to citizens in underserved rural areas through the operation of federally funded Public Health Service entities including the Defendant HopeHealth, Inc., for whose actions and conduct the Government is legally responsible.

4. Upon information and belief, the Defendant HopeHealth, Inc. ("HopeHealth") is a business organized and existing pursuant to the laws of the State of South Carolina with its principal place of business located in Florence County, South Carolina. HopeHealth is a Federally Qualified Health Center pursuant to 42 U.S.C. §254b deemed to be a Public Health Service employee pursuant to 42 U.S.C. §233(g)-(n), making personal injury and wrongful death claims against HopeHealth subject to the provisions of the Federal Tort Claims Act, 28 U.S.C. §2672.

4. Upon information and belief, the Defendant Meshellia Hayward, FNP ("Nurse Hayward") is a citizen and resident of the State of South Carolina who at all times relevant to the matters alleged herein was acting as the actual and apparent agent, servant, and employee of the Government with responsibility for the evaluation and treatment of patients of HopeHealth like Mrs. Murray. Pursuant to S.C. CODE ANN. §44-33-10 (Code 1976, as amended) *et seq*., all of Nurse Hayward's medical acts must be performed pursuant to a written practice

agreement between herself and a licensed medical doctor who is readily available for consultation.

5. Upon information and belief, the Defendant Jessica D. Townsend, MD ("Dr. Townsend") is a citizen and resident of the State of South Carolina who at all times relevant to the matters alleged herein was acting as the actual and apparent agent, servant, and employee of the Government and HopeHealth with supervisory responsibility, pursuant to a written practice agreement, for the actions and conduct of Nurse Hayward.

6. Upon information and belief, the Defendant Samuel J. Tollinson, III, MD ("Dr. Tollinson") is a citizen and resident of the State of South Carolina who at all times relevant to the matters alleged herein was acting as the actual and apprentice agent, servant, and employee of the Government and HopeHealth with supervisory responsibility, pursuant to a written practice agreement, for the actions and conduct of Nurse Hayward.

**Jurisdiction and Venue**

7. This case and controversy arises under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.*, so that this court has subject matter jurisdiction of the claims against the Government and HopeHealth pursuant to 28 U.S.C. §1346(b)(1). More particularly, the Plaintiff hereby brings claims in connection with the conscious pain and suffering and wrongful death of Pearl H. Murray, all as caused by the negligent and wrongful acts and omissions of employees of the United States who were acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of South Carolina, where the acts and omissions occurred.

8. This court has supplemental subject matter jurisdiction over the claims against Nurse Hayward, Dr. Townsend, and Dr. Tollison pursuant to 28 U.S.C. §1367(a) in that the claims against them arise out of the same common nucleus of operative facts underlying the claims against the Government, so that these claims all comprise one case and controversy.

9. Venue of this action in this district and division is proper pursuant to 28 U.S.C. §1391(e)(1) in that a substantial portion of the events giving rise to the claims and causes of action alleged herein occurred in Williamsburg County, South Carolina which is within the federal District of South Carolina.

10. Pursuant to 28 U.S.C. §2675, on April 26, 2024 a Form 95 Notice of Claim was served upon the Government and the Plaintiffs exhausted their administrative remedies as evident by a written denial of their claims issued by the Government on February 9, 2025.

**Factual Allegations**

11. Mrs. Murray was born on January 1, 1923. At the time of the events alleged herein, she was 100 years old.

12. On or about July 18, 2023, Mrs. Murray suffered at fall at her home resulting in head and neck injuries for which she sought evaluation and treatment at Hope Health.

13. Upon presenting herself at HopeHealth, Mrs. Murray was evaluated by Nurse Hayward.

14. Nurse Hayward noted that Mrs. Murray had suffered a fall and was experiencing neck pain and rib pain. Nurse Hayward also noted that Mrs. Murray had suffered a contusion to her scalp and that she was tender over her cervical spine with both palpation and normal motion.

15. Nurse Hayward administered injections of Depomedrol and Dexamethasone to Mrs. Murray as treatment for pain.

16. Nurse Hayward also ordered x-rays of Mrs. Murray's skull and cervical spine in order to determine whether she had suffered any fracture in the fall.

17. Because HopeHealth did not have an on-site x-ray machine, Mrs. Murray was directed to McLeod Health Clarendon, a hospital facility located in Manning, South Carolina, in order for the x-rays to be obtained.

18. Nurse Hayward ordered that the x-rays be taken on an "outpatient" basis, meaning the imaging results would not be made known to Mrs. Murray before she was sent home from the hospital.

19. The x-rays were taken at McLeod Health Clarendon at approximately 5:00 p.m. on July 18, 2023. Mrs. Murray was then sent home without knowledge of the results.

20. The x-rays were not read by a radiologist until approximately 3:25 p.m. on July 19, 2023.

21. The x-rays revealed soft tissue thickening anterior to the cervical spine. The reading radiologist's report stated, "This could indicate soft tissue injury/hematoma and or occult spinal fracture. Recommend further workup with dedicated CT." A hematoma in the cervical spine caused by trauma is a potentially serious condition requiring prompt medical attention.

22. Mrs. Murray left McLeod Health Clarendon without further workup and returned to her home.

23. Once she was at home, Mrs. Murray began to experience progressively worsening symptoms including neck pain, a sore throat, trouble swallowing, a cough, changes to her voice, and trouble breathing.

24. As her symptoms progressed and worsened, Mrs. Murray collapsed, stopped breathing, and went into cardiac arrest.

25. John H. Murray is a trained first responder and he went to his mother's aid, seeking to perform mouth-to-mouth resuscitation on her. However, Mr. Murray was unable to ventilate his mother and could not detect any chest rise while doing mouth-to-mouth.

26. EMS was summoned and Mrs. Murray was transported to MUSC Health Black River but she arrived unconscious, pulseless, with fixed and dilated pupils, and no evidence of cardiac activity. Mrs. Murray was pronounced dead on arrival at MUSC Health-Black River at approximately 10:00 p.m. on July 18, 2023.

**FOR A FIRST CAUSE OF ACTION**
(Medical Malpractice)

27. The allegations set forth in Paragraphs 1 through 26 above realleged as fully as if restated herein.

28. The Defendants established a physician-patient relationship with Mrs. Murray.

29. The Defendants owed Mrs. Murray a duty of care to reasonably evaluate her condition and arrange for timely radiographic studies of her potentially serious injuries.

30. The Defendants breached their duty of care to Mrs. Murray by failing to act as reasonable medical care providers would have acted under the same or similar circumstances, to wit:

    a. by failing to recognize the potentially serious nature of Mrs. Murray's condition, given her age and the mechanism and nature of her injuries;

    b. by failing to consult and communicate with a trained medical doctor in order to safely manage Mrs. Murray's evaluation, workup, and treatment;

    c. by failing to arrange for Mrs. Murray to be evaluated by a trained medical doctor;

   d. by ordering radiographic imaging on an "outpatient" basis with the result that Mrs. Murray went to McLeod Health Clarendon but was not independently evaluated by a trained medical doctor; nor were her radiographic imaging results reviewed by a trained medical doctor prior to Mrs. Murray being sent home;

   e. by not properly supervising Nurse Hayward to ensure that the care she provided to Mrs. Murray was reasonable and appropriate under all of the circumstances;

   f. by not properly training Nurse Hayward to recognize the need to order radiographic imaging for Mrs. Murray under circumstances that would ensure the imaging was reviewed by a trained medical doctor and that the results were communicated to a clinician in a position to make treatment decisions in a timely fashion;

   g. in such other particular as the evidence through discovery and trial may hereafter tend to prove or suggest.

**FOR A SECOND CAUSE OF ACTION**
(Survival)

31. The allegations set forth in Paragraphs 1 through 30 above realleged as fully as if restated herein.

32. Pursuant to the Federal Tort Claims Act and S.C. CODE ANN. §15-5-90 (Code 1976, as amended), the Plaintiff John H. Murray, as Personal Representative of the Estate of Pearl F. Murray, is entitled to recover actual damages against the Defendants, jointly and severally, for Mrs. Murray's conscious pain and suffering prior to her death.

**FOR A THIRD CAUSE OF ACTION**
(Wrongful Death)

33. The allegations set forth in Paragraphs 1 through 32 above realleged as fully as if restated herein.

34. Pursuant to the Federal Tort Claims Act and S.C. CODE ANN. §15-51-10 (Code 1976, as amended), the Plaintiff John H. Murray, as Personal Representative of the Estate of Pearl F. Murray, is entitled to recover actual damages, on behalf of himself and all statutory claimants, against the Defendants, jointly and severally, for the conscious pain and suffering and wrongful death of Mrs. Murray.

WHEREFORE the Plaintiff prays for judgment against the Defendants, jointly and severally, in an amount of actual damages to be determined by the trier of fact, together with the costs of this action; and for such further legal and equitable relief as the court deems just and proper.

 S/ Robert B. Ransom
Robert B. Ransom
SC Bar #11901
Fed. ID #04872
LEVENTIS & RANSOM
Post Office Box 11067
Columbia, SC 29211
803-765-2383

ATTORNEYS FOR THE PLAINTIFF